GELETA v. BUFFALO & N. F. ELECTRIC RY.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1903.)

1. STREET RAILROADS—COLLISION—CONTRIBUTORY NEGLIGENCE.
   In an action for injuries sustained by a street car colliding with the rear end of plaintiff's wagon while he was driving along the track, evidence considered, and *held* to show contributory negligence precluding recovery.
   McLennan, P. J., dissenting.

Appeal from Trial Term, Erie County.

Action by Joseph Geleta against the Buffalo & Niagara Falls Electric Railway. From a judgment for plaintiff, and an order denying its motion for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Bissell, Metcalf & Riley, for appellant.

John Cuneen, V. H. Riordan, and Chas. W. Sukmon, for respondent.

WILLIAMS, J. The judgment and order should be reversed upon questions of law, the facts having been examined and no error found therein, and a new trial granted, with costs to the appellant to abide event.

The action was to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The verdict involved the finding by the jury that the plaintiff was free from contributory negligence. Such a finding was not justified by the evidence, and therefore the verdict should not be allowed to stand.

The accident occurred on the road between the city of Buffalo and the village of Tonawanda, and about a mile from the latter village. The plaintiff was driving a team attached to a dirt wagon, and was going towards the city of Buffalo. One horse was traveling between the rails of the defendant's tracks, and the other outside the rails. The wheels on one side of the wagon were also between the rails. The defendant's car came up behind the wagon, going in the same direction, and ran against it; throwing the team and wagon off the track, and injuring the plaintiff. Passing the question of defendant's negligence, we are unable to see how the plaintiff was, or could, upon the evidence, properly be found, free from contributory negligence. The accident occurred January 18, 1900, about 7 o'clock in the evening. It was quite dark, and plaintiff had no light upon his wagon to indicate to the motorman of the approaching car that the team and wagon were upon the track. Plaintiff was walking his horses along upon the track, when he could as well have driven on either side of the track, where a car, in passing, would not have struck him. There were no other teams in the highway in the vicinity. He was familiar with the road, was expecting a car to come along, knew that one was likely to come at any time, and knew that the cars ran fast in that locality. From the village of Tonawanda to the place of the accident the road and tracks were straight and unobstructed. The car had a large headlight, and was lighted inside with electricity, and could be seen by plaintiff, if he looked around, for 3,000 or 4,000 feet before it reached him. The car was running 20 to 30 miles an hour, and was in full view of plaintiff for two minutes before it struck the team and wagon; and yet during that two minutes plaintiff did not look around to see whether a car was coming until it was too late for him to get off the track and avoid the accident. There was not only a failure to show the absence of contributory negligence, but the evidence showed affirmatively that the plaintiff was guilty of negligence contributory to the accident. It needs no authority to show this. The plaintiff should have been nonsuited at the trial upon this ground. The judgment and order should be reversed, and a new trial granted, as before stated.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein. All concur, except McLENNAN, P. J., dissenting.